IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHARLES E. JOHNSON                                                                    PETITIONER

v.                                          Civil No. 6:06-cv-6063

LARRY NORRIS, Director,
Arkansas Department of Correction                                                     RESPONDENT

### ORDER

Before the Court is the Respondent's Motion for Reconsideration of Order Granting Evidentiary Hearing. (Doc. No. 13). On June 26, 2007, the Court entered its Order setting this matter for an evidentiary hearing on August 17, 2007. The Petitioner has not responded to this motion for reconsideration. The Court finds as follows:

Respondent asserts that no evidentiary hearing is necessary in this matter as the grounds alleged by Petitioner for relief are either not warranted under the deferential standard of review mandated by 28 U.S.C. §2254(d), or are procedurally defaulted. The United States Supreme Court has recently addressed the issue of how the federal courts should determine whether or not to grant an evidentiary hearing in a *habeas corpus* proceeding brought pursuant to 28 U.S.C. §2254. In *Schriro v. Landrigan*, ___ U.S. ___, 127 S.Ct. 1933, 1940(2007), the Court stated:

> In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. *See*, *e.g., Mayes v. Gibson,* 210 F.3d 1284, 1287 (C.A.10 2000). Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate. *See id.,* at 1287-1288 ("Whether [an applicant's] allegations, if proven, would entitle him to habeas relief is a question governed by [AEDPA]").

> It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, <u>a district court is not required to hold an evidentiary hearing</u>. (emphasis added).

The Court notes that *Schriro* did not eliminate the discretion afforded federal courts in determining whether an evidentiary hearing in a *habeas corpus* proceeding. Rather, *Schriro* directed the federal courts to take into account the deferential standards for review set out in §2254 when making that determination.

In his reply to the Response to the Petitioner requested an evidentiary hearing. He alleges that "the state courts refused to hear some of those claims because the state courts would not allow an amendment to the Rule 37 petition." He asserts that the state courts in his underlying criminal trial, appeal, and post-conviction proceeding "never even addressed *Miranda*, nor were any federal constitutional questions considered." Petitioner further asserts the state court "simply ignored" another claim for relief, namely that a convicted felon was allowed to serve on the jury which convicted the Petitioner. Petitioner claims that he attempted to raise the alleged conflict of interest of the prosecuting attorney in the state court proceedings and that the state court "refused to address" the issue.

I have reviewed the Petition, Response, and other pleading filed in this matter and find that an evidentiary hearing would assist the Court in reviewing the claims made by the Petitioner and the defenses raised by the Respondent. Accordingly the Motion for Reconsideration should be denied. By entry of this Order, the Court does not intend to indicate to the Petitioner that the Evidentiary Hearing ordered previously will be a retrial of his underlying criminal case. The Petitioner shall be

limited to offering evidence supporting his claims, which he demonstrates he was prevented from presenting in the state court or otherwise not at fault for failing to develop before the state courts.

**IT IS THEREFORE ORDERED** that Respondent's Motion for Reconsideration of Order Granting Evidentiary Hearing (Doc. No. 13) is **DENIED.**

**IT IS SO ORDERED** this **24th day of July, 2007**.

    /s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE