IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


CHARLES E. JOHNSON                                                   PETITIONER


v.                            Case No. 6:06-CV-06063


LARRY B. NORRIS                                                      RESPONDENT
Director, Arkansas Department of Corrections


### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, CHARLES E. JOHNSON, an inmate confined at the Ouachita River Unit of the

Arkansas Department of Corrections filed this petition for a writ of *habeas corpus* pursuant to 28

U.S.C. § 2254 (1996).  The petition was referred for findings of fact, conclusions of law, and

recommendations for the disposition of the case.

### A.  Procedural Background[1]:

Petitioner is a state prisoner currently serving a term of thirty-five years' imprisonment and

is in Respondent's, Larry B. Norris's, custody.  On June 6, 2000, a Garland County jury convicted

Petitioner of first-degree murder.  Thereafter, Petitioner filed a direct appeal with the Arkansas Court

of Appeals.   On November 14, 2001, the Arkansas Court of Appeals affirmed Petitioner's

conviction, and on December 5, 2001, the Arkansas Court of Appeals issued their appellate mandate.

*See Johnson v. State,* No. CACR 00-1406, 2001 WL 1414249, at *1 (Ark. App. 2001).

On January 14, 2002, Petitioner filed a timely post-conviction petition with the circuit court

---

[1] The procedural background is based on the assertions of the parties, as made in the pleadings filed
in this matter, in arguments at the August 15, 2007 hearing, and in the post-hearing briefing.

pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure.  On June 5, 2003, the circuit court

denied Petitioner's request for post-conviction relief.  Thereafter, Petitioner appealed this denial to

the Supreme Court of Arkansas.  On December 8, 2005, the Supreme Court of Arkansas affirmed

the circuit court's denial of post-conviction relief.  *See Johnson v. State,* No. CR 03-1023, 2005 WL

3320855, at *1 (Ark. 2005) (per curiam) (unpublished decision).

Respondent admits that Petitioner was incarcerated in Ouachita River Unit of the Arkansas

Department of Corrections at the time he filed this Petition and that he is subject to an Arkansas state

court sentence.  Respondent also does not dispute that Petitioner has no further non-futile state court

remedies available.

**B.  <u>Current Petition</u>**:

On October 16, 2006, Petitioner brought the present petition for a writ of *habeas corpus*

claiming his constitutional rights were violated by the state court's decision.  Specifically, in this

petition, Petitioner claims both that his Sixth Amendment right to effective assistance of counsel and

his Fifth Amendment *Miranda* rights were violated.   Petitioner claims his trial counsel was

ineffective because they (1) improperly failed to seek recusal of the trial judge, Judge Keaton, on the

basis of his purported relationship with the victim and her family; (2) failed to "properly interview

witnesses and to fully discuss all matters of the trial"; (3) failed "to identify jurors who were not

qualified to be jurors and who had been convicted of a felony"; (4) failed to request a continuance

based upon the late notification that Karen Smith and Dinah Bethea would be witnesses against him;

(5) failed to properly object to Rule 404(b) evidence offered by Karen Smith and Dinah Bethea; (6)

failed to file a motion *in limine* to exclude testimony of Karen Smith based upon her relationship

with Petitioner, who was the purported father of her child; (7) failed to seek to limit Jackie Ross's

testimony *in limine*; (8) failed to obtain criminal records and investigate the criminal backgrounds of witnesses; and (9) failed to argue that the prosecuting attorney had a pecuniary interest in the outcome of the case against Petitioner.  Finally, Petitioner also argues that (10) his incriminating statements should not have been admitted because they were obtained in violation of his *Miranda* rights.  (Doc. No. 1, Pages 1-7).[2]

On November 20, 2006, Respondent filed his response to this petition.  (Doc. No. 6).  In this response, he claims that Petitioner has only preserved Grounds 1, 3, 4, and 10 for this Court's review.  (Doc. No.  6, Pages 4-8).  Furthermore, he claims that Petitioner is not entitled to relief on these four preserved grounds because he has not met the standard for obtaining relief pursuant to 28 U.S.C. § 2254.  *See id.*  He claims that none of these preserved grounds are "contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court" or were "based on an unreasonable determination of the facts in light of the evidence adduced in state court."  *See id.*

On August 15, 2007, this Court held an evidentiary hearing on this petition.  (Doc. No. 16).  Petitioner was present and was represented by counsel.  At this hearing, Petitioner's counsel presented testimony from Wendall Parr, Barbara Johnson, Petitioner, and Reverend Rudolph Stennis.  Respondent presented no witnesses and no testimony.  During this hearing, this Court ordered Petitioner and Respondent to submit post-hearing briefing.  On September 13, 2007, Petitioner filed a Post-Trial Brief (Doc. No. 17), and on September 14, 2007, Respondent filed a Notice Regarding Post-Hearing Brief (Doc. No. 18).  This matter is now ready for decision.

---

[2] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages from the August 15, 2007 hearing are referenced by the designation "Tr."

C. **Discussion**:

**1. Statute of Limitations**

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law. The law made several changes to the federal *habeas corpus* statutes, including the addition of a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The AEPDA provides that the one-year limitations period shall run from the latest of four possible situations: (1) the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review, 28 U.S.C. § 2244(d)(1)(A); (2) the date an impediment to filing created by the State is removed, 28 U.S.C. § 2244(d)(1)(B); (3) the date in which a constitutional right has been initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review, 28 U.S.C. § 2244(d)(1)(C); and (4)"the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," 28 U.S.C. § 2244(d)(1)(D).

In the present action, the one-year statute of limitations began to run in the first situation: "the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The other three relevant triggering dates do not apply under the facts of this case. Respondent does not dispute that Petitioner filed the present petition within the limitations period. The Supreme Court of Arkansas issued its final order on Petitioner's request for Rule 37 post-conviction relief on December 8, 2005. Petitioner then filed the present petition on October 16, 2006, less than a year after that order. Accordingly, because Respondent does not dispute this issue and based upon the facts presented, this Court finds that the present petition was timely filed within the one-year statute of limitations.

### 2. Standard for Granting Relief Under 28 U.S.C. § 2254

In order to be entitled to a writ of *habeas corpus* under 28 U.S.C. § 2254, a petitioner must establish either that the state court's error "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

First, for an error to be "contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," a state court must apply a rule different from governing law set forth in the Supreme Court's cases or decide a case differently from the Supreme Court on a set of materially indistinguishable facts. *See Bell v. Cone,* 535 U.S. 685, 694-96 (2002) (citing *Williams v. Taylor,* 529 U.S. 362 (2000)). For an error to be based upon an "unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," the state court must have correctly identified the governing legal principle from the Supreme Court's decisions but unreasonably applied those decisions to the facts of a particular case. *See id.*

Second, for a decision to result "based on an unreasonable determination of facts in light of evidence presented at a state court proceeding," a petitioner must meet a high standard. In Section 2254 actions, the determinations of factual issues made by a state court "shall be presumed to be correct," and the petitioner has the burden of rebutting this presumption of correctness *"by clear and convincing evidence.*" 28 U.S.C. § 2254(e)(1) (emphasis added). *See Mark v. Ault,* 498 F.3d 775, 788 (8th Cir. 2007); *Chavez v. Weber,* 497 F.3d 796, 801 (8th Cir. 2007). If a petitioner cannot rebut the state court's factual determinations by clear and convincing evidence, then a petitioner

cannot establish that there has been an unreasonable determination of facts by a state court, and a writ of *habeas corpus* cannot be granted. *See Guinn v. Kemna,* 489 F.3d 351, 359 (8th Cir. 2007).

### 3. Ground 1 of Petition: Request for the Trial Judge's Recusal

Petitioner claims he is entitled to *habeas* relief because his "trial counsel failed to move for the recusal of the Trial Court [Judge] despite knowing that Trial Judge had attended the funeral of the victim and was known to be a close friend of the victim and the victim's family." (Doc. No. 1, Page 3). Petitioner presented evidence at the August 15, 2007 hearing regarding this issue.[3] (Tr. 9-28). First, Mr. Wendall Parr testified that Judge Keaton was associated with Reverend Franklin. (Tr. 10). Mr. Parr further testified that Reverend Franklin was believed to be a cousin of the victim and the pastor of the church the victim attended. (Tr. 10). Second, Petitioner's wife, Mrs. Barbara Johnson, testified that one of the jurors from Petitioner's trial was Judge Keaton's brother-in-law. (Tr. 13). Third, Petitioner testified that Judge Keaton had attended a New Year's Eve Party the victim had hosted. (Tr. 17). Fourth, Mr. Rudolph Stennis testified that Judge Keaton was a deacon at the same church Reverend Franklin was an associate minister. (Tr. 27). Fifth and finally, at the hearing, Petitioner also presented evidence that Judge Keaton represented the victim's sister in a divorce action. (Tr. 5-6, Hearing Ex. 3).

Petitioner alleges these facts establish that Judge Keaton should not have presided over Petitioner's case. (Doc. No. 1, Page 3; Tr. 5-6). Petitioner claims he requested that his trial counsel seek recusal of Judge Keaton, and they refused. (Tr. 5-6). Based on those facts, Petitioner claims

---

[3] This Court will summarize the evidence presented at the August 15, 2007 hearing even though, absent a new, retroactive law or previously undiscovered facts that could not have been discovered through due diligence, a *habeas* petitioner must generally develop the factual basis of his claim in the state court proceedings rather than in a federal evidentiary hearing. *See Mark v. Ault,* 498 F.3d 775, 788 (8th Cir. 2007); 28 U.S.C. § 2254(e)(2). Additionally, for efficiency, this Court will not undertake an effort to summarize the entire state court proceedings that are contained in the record, as they are voluminous, but will address those proceedings when relevant.

his trial counsel's failure to seek recusal constituted ineffective assistance of counsel.  In response, Respondent contends that Petitioner is not entitled to *habeas* relief on Ground 1 because Petitioner has not established that he has met the standard for relief pursuant to 28 U.S.C. § 2254.  (Doc. No. 6, Pages 4-6).

The undersigned is persuaded by Respondent's arguments and finds that Petitioner is not entitled to *habeas* relief on Ground 1.  First, even if the Court assumes all of Petitioner's claims regarding Ground 1 are true, Petitioner still cannot establish that the trial court's determination was "contrary to" or resulted in an "unreasonable application" of Sixth Amendment ineffective-assistance-of-counsel law as interpreted by the Supreme Court.  The Supreme Court has repeatedly addressed the Sixth Amendment right to effective assistance of counsel.  *See Strickland v. Washington,* 466 U.S. 668, 687 (1984); *Williams v. Taylor,* 529 U.S. 362, 390 (2000) (internal quotations omitted).  Based upon the Supreme Court's precedent, in order to establish an ineffective-assistance-of-counsel claim, a defendant must make two showings: (1) his or her trial counsel's performance was deficient and (2) the deficient performance prejudiced the defense.  *See Strickland,* 466 U.S. at 687.  To establish prejudice, a defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."[4]  *See id.*

In the present action, the state courts correctly applied this standard to this claim by finding

_____

[4] In his Post Trial Brief, Petitioner appears to argue that a federal *habeas* petitioner does not bear the initial burden of establishing prejudice with an ineffective-assistance-of-counsel claim.  (Doc. No. 17, Pages 4-5). Petitioner appears to argue that, based upon the Supreme Court's decision in *Fry v. Pliler,* 2007 WL 1661463, at *1 (June 11, 2007), a federal district court is always required to review the prejudicial impact of a constitutional error for "actual prejudice," and that this Court is required to review his ineffective-assistance-of-counsel claims to determine whether there has been "actual prejudice."  *See id.*  Petitioner's arguments are misguided.  The Supreme Court's standard in *Fry* only applies *once the court determines that a constitutional error has been committed.  See id.*  In the present action, Petitioner cannot established that constitutional error has been committed or that he has been denied effective assistance until he first demonstrates prejudice under the standard  in *Strickland.*

that Petitioner was not prejudiced by this alleged error.  *See Johnson,* 2005 WL 3320855, at *1.
Based upon the record in this case, Petitioner has made no showing that his counsel's allegedly
deficient performance *prejudiced* his defense, as required by *Strickland*.  There is no indication in
the record that Judge Keaton's alleged relationship with the victim changed the outcome of
Petitioner's case, especially since this was not a bench trial.  There is also no indication in the record
that Judge Keaton's alleged relationship with one of the jurors changed the outcome of Petitioner's
case.

Furthermore, Petitioner has not met his burden of establishing that the state court's
determination was an "unreasonable determination of the facts in light of the evidence presented in
the State court proceeding."  28 U.S.C. § 2254(d)(1)-(2) (1996).  The state court's factual findings
are entitled to deference, and Petitioner has not established by "clear and convincing evidence" that
the state court's presumptively correct factual findings are not supported by the record.  *See id.* §
2254(e)(1).

### 4. Ground 2 of Petition: Witnesses/Trial Matters

Petitioner claims with Ground 2 that he was denied effective assistance of counsel when his
trial counsel failed "to properly interview witnesses and to fully discuss all matters of trial with
petitioner."  (Doc. No. 1, Page 3).  In his other briefing and at the hearing, Petitioner provided little
more than this conclusory statement in support of his  ineffective-assistance-of-counsel claim.

Citing the Advisory Committee Note to Rule 4 of the Rules Governing Habeas Corpus cases,
Respondent claims that this ground should be "summarily dismissed . . . because it is impermissibly
conclusory."  (Doc. No. 6, Pages 6-7).  The undersigned agrees with Respondent's argument.
Petitioner's Ground 2 is too vague to be considered or reviewed and should be summarily dismissed.

*See Blackledge v. Allison,* 431 U.S. 63, 75-76 n.7 (1977) (citing Advisory Committee Note to Rule 4, Rules Governing Habeas Corpus Cases: "'(N)otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error'").

### 5. Ground 3 of Petition: Unqualified Jurors

Petitioner claims with Ground 3 that he should be granted *habeas* relief because his trial counsel failed to "identify jurors who were not qualified to be jurors and had been convicted of a felony." (Doc. No. 1, Page 3). Although Ground 3 does not specify *which* juror or jurors Petitioner claims were unqualified, Petitioner specifically only claims that one juror, Perry Thomas, was unqualified.[5] Petitioner presented evidence at the hearing regarding this issue. (Tr. 12, 14, 19-20, Hearing Ex. 1). First, Petitioner testified that Perry Thomas had been on his jury, that Perry Thomas was a convicted felon, and that, at the time of his conviction, Perry Thomas had been represented by Mr. Bramblett, one of Petitioner's attorneys. *See id.* Petitioner also testified that, even though Mr. Bramblett had represented Perry Thomas (and presumably knew about his conviction), Mr. Bramblett did not consult with Petitioner as to whether Perry Thomas should have been kept on the jury. *See id.* Second, as Hearing Exhibit 1, Petitioner also submitted the judgment of conviction from *State of Arkansas v. Perry Jerome Thomas*, which apparently evidences Perry Thomas's felony conviction.

Petitioner alleges that these facts establish that Perry Thomas, an allegedly unqualified juror, should not have been on Petitioner's jury. (Doc. No. 1, Page 3; Tr. 5-6). Petitioner claims that his trial counsel's failure to have Perry Thomas removed as a juror, despite the fact that they presumably

---

[5] Apart from several references to a juror named Marvin Moore, no other juror is even mentioned by name in Petitioner's briefing or at the hearing. Furthermore, Petitioner has made no specific claim that Marvin Moore was *unqualified* to be a juror.

knew about his conviction, constituted ineffective assistance of counsel. *See id.* Respondent contends that Petitioner is not entitled to *habeas* relief on Ground 3 because Petitioner has not met the standard for relief pursuant to 28 U.S.C. § 2254. (Doc. No. 6, Pages 4-6).

The undersigned is persuaded by Respondent's arguments and finds that Petitioner is not entitled to *habeas* relief on Ground 3. As noted above, a *Strickland* ineffective-assistance-of-counsel claim requires a showing that not only a petitioner's trial counsel was deficient but also that the deficiency prejudiced the petitioner. *See Discussion, supra.* With Ground 3, Petitioner makes no showing that the unqualified juror prejudiced his defense, and Petitioner makes no showing that would establish that this error created an "unreasonable determination of facts in light of the evidence adduced in state court." Petitioner's only claim is that this unqualified juror prejudiced his defense because it was "likely that someone who has been convicted of felony may be more inclined to have a prosecuted torial [sic] attitude toward a defendant on trial." (Doc. No. 1, Page 6). Such a showing is insufficient. *See Strickland,* 466 U.S. at 687. Accordingly, Petitioner is not entitled to a writ of *habeas corpus* based upon Ground 3.

**6. Ground 4 of Petition: Failure to Request a Continuance**

Petitioner claims with Ground 4 that he should be granted *habeas* relief because his trial counsel failed "to request a continuance based upon the late notification of witnesses, Karen Smith and Dinah Bethea." (Doc. No. 1, Page 3). Petitioner presented evidence at the hearing regarding Ground 4. (Tr. 18-19). Specifically, Petitioner testified that the testimony of Karen Smith and Dianna Bethea was a "last minute thing" and that his trial counsel talked about requesting a continuance but decided to not request one because they thought it would not be granted. *See id.*

Petitioner alleges that these facts establish that, because of the late notification that these two

witnesses would testify, his trial counsel should have requested a continuance.  (Doc. No. 1, Page 3).  Petitioner claims that his trial counsel's failure to request a continuance constituted ineffective assistance of counsel.  *See id.*  Respondent contends that Petitioner is not entitled to *habeas* relief on Ground 4 because he has not met the standard for relief pursuant to 28 U.S.C. § 2254.  (Doc. No. 6, Pages 4-6).

The undersigned is persuaded by Respondent's arguments and finds that Petitioner is not entitled to *habeas* relief on Ground 4.  As noted above, a *Strickland* ineffective-assistance-of-counsel claim requires a showing that not only a petitioner's trial counsel was deficient but also that the deficiency prejudiced Petitioner.  *See Discussion, supra.*  With Ground 4, Petitioner makes no showing that his trial counsel's failure to request a continuance prejudiced his defense as required by *Strickland*; and accordingly, Petitioner also makes no showing that the state court's determination was contrary to, or resulted from an unreasonable application of, Federal law.  Furthermore, Petitioner has not established, by clear and convincing evidence, that the factual determinations of the state court were in error or that the state court's error created an "unreasonable determination of facts in light of the evidence adduced in state court."  Therefore, Petitioner has not met his burden under 28 U.S.C. § 2254.

Furthermore, at the hearing, Petitioner even testified that he overheard his trial counsel discuss the fact that, due to this late notification, they should consider requesting a continuance.  (Tr. 18-19).  This discussion indicates that Petitioner's counsel were *effective* in representing Petitioner because they were considering a motion for continuance as an option at their disposal.  Petitioner's counsel only decided not to request a motion for continuance after they determined that they did not think this motion would be granted.  Accordingly, Petitioner is not entitled to a writ of *habeas corpus*

based upon Ground 4.

### 7. Grounds 5-8 of Petition

Petitioner claims he is entitled to relief pursuant to 28 U.S.C. § 2254 based upon Grounds

5-8.  (Doc. No. 1, Page 3).  Specifically, Petitioner claims the following entitle him to relief:

5.  The failure of trial counsel to properly object to Rule 404(b) material offered by the State in the testimony of Karen Smith and Dinah Bethea;

6.  The failure of trial counsel to file a Motion in Limine concerning the testimony of Karen Smith and her relationship with petitioner, as the putative father of her child;

7.  The failure of trial counsel to limit the testimony of Jackie Ross by a Motion in Limine concerning her belief that the petitioner "killed" Connie Smith;

8.  The failure of trial counsel to obtain the criminal records and investigate the criminal background of the witnesses in this case.

(Doc. No. 1, Page 3).  Respondent contends that Petitioner is procedurally barred from raising these

grounds in this petition because Petitioner never sought a ruling on any of these grounds from the

state's highest court in his post-conviction appeal.  (Doc. No. 6, Pages 7-8).

The Supreme Court of the United States has long held that, in general, a state prisoner's

federal *habeas* petition should be dismissed if the prisoner has not exhausted available state remedies

as to any of his or her federal claims.  *See Coleman v. Thompson,* 501 U.S. 722, 731-32 (1991).  The

Supreme Court's exhaustion requirement is grounded "in principles of comity; in a federal system,

the States should have the first opportunity to address and corrected alleged violations of state

prisoner's federal rights."  *See id.* at 731.  This general "procedural default rule," however, does not

apply with equal force to ineffective-assistance-of-counsel claims.  *See Massaro v. United States,*

538 U.S. 500, 504 (2003).  In 2003, the Supreme Court addressed the issue of whether a party's

failure to raise an ineffective-assistance-of-counsel claim at the district court level on direct appeal

barred his 28 U.S.C. § 2255 action. *See id.* The Supreme Court specifically held that it did not. *See id.* (stating that "[w]e do hold that failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255"). Therefore, due to the fact Petitioner has raised ineffective-assistance-of-counsel claims, Petitioner was arguably not required to raise any of these issues at the state court level prior to bringing this 28 U.S.C. § 2254 action.[6] *See Massaro,* 538 U.S. at 504.

However, after reviewing the merits of these claims, the undersigned finds that Petitioner is not entitled to *habeas* relief on Grounds 5-8. First, *habeas* relief should not be granted because the state court's decision was not contrary to, and did not involve an unreasonable application of, clearly established Federal Sixth Amendment ineffective-assistance-of-counsel law, as determined by the Supreme Court of the United States. As noted above, a *Strickland* ineffective-assistance-of-counsel claim requires a showing both that the petitioner's trial counsel was deficient and that the petitioner's trial counsel's deficiency prejudiced his or her defense. *See Discussion, supra.* With Grounds 5-8, Petitioner makes no showing that his trial counsel was deficient or that their deficiencies, if any, prejudiced his defense. At the hearing, in the record, and in his briefing, Petitioner only makes conclusory allegations with Grounds 5-8 that his trial counsel was deficient and that their deficiencies prejudiced his defense. (Doc. No. 1, Page 3). As outlined below for Grounds 5-8, this showing is not sufficient to satisfy the requirements of *Strickland,* 466 U.S. at 687.

### A. Ground 5 of Petition: Rule 404(b) Evidence

Petitioner claims with Ground 5 that his trial counsel was deficient because they failed to

---

[6] The Court is assuming, without deciding, that the standard from *Massaro* would apply with equal force to a 28 U.S.C. § 2254 claim.

object to the testimony of Karen Smith and Dinah Bethea under Rule 404(b).  (Doc. No. 1, Page 3).

Specifically, Petitioner appears to claim, although his argument is not clear from his briefing, that

his trial counsel should have objected under Rule 404(b) to the introduction of this testimony

*because the prosecution did not timely disclose these witnesses and the substance of their testimony*

*to Petitioner and his trial counsel prior to trial*.  *See id.*

Federal Rule of Evidence 404(b) provides the guidelines for admitting evidence of "other

crimes, wrongs, or acts."  This rule allows for the admission of this evidence, as long as certain

requirements are met.  *See id.*  One requirement is that the prosecution, *upon request*, must "provide

reasonable notice [of the evidence used to establish other crimes, wrongs, or acts] in advance of trial,

or during trial if the court excuses pretrial notice on good cause shown . . . ."  *Id.*  This Rule 404(b)

evidence includes the identity of witnesses who will testify and the substance of their testimony.  *See*

*U.S. v. Smith,* 383 F.3d 700, 706-707 (8th Cir. 2004).

Presumably, in this case, Petitioner is claiming that the testimony of Karen Smith and Dinah

Bethea was offered as evidence of "other crimes, wrongs, or acts" and should have been timely

disclosed under Rule 404(b).  Petitioner also presumably claims that his trial counsel's failure to

object to this non-disclosure was ineffective assistance of counsel.  However, Petitioner has made

no showing that his counsel made a request for this information prior to trial, which is required under

Rule 404(b), and thereby had grounds to object under Rule 404(b).

Furthermore, Petitioner has also made no showing that the prosecutor could not establish

*good cause* to excuse this pretrial notice.  If the prosecutor could have established good cause, this

testimony would have been admitted regardless of whether the prosecution disclosed the identity of

these two witnesses, and the substance of their testimony, prior to trial.  *See id.*  (holding that the trial

14

court did not abuse its discretion in finding that the government had demonstrated good cause for failing to disclose a witness's Rule 404(b) testimony). Thus, Petitioner has not established that his trial counsel was deficient because they failed to object to the introduction of this evidence under Rule 404(b), or even if they were deficient, that Petitioner was prejudiced by his counsel's failure to object to the introduction of this testimony. Accordingly, with Ground 5, Petitioner has not met his burden of establishing an ineffective-assistance-of-counsel claim under *Strickland.*

### B. Ground 6 of Petition: Motion *in Limine* (Karen Smith)

Petitioner claims with Ground 6 that his trial counsel was deficient because they failed to file a motion *in limine* concerning the testimony of Karen Smith and her relationship with Petitioner, as the putative father of her child. (Doc. No. 1, Page 3). In general, a motion *in limine* requests a pretrial ruling on an evidentiary matter. *See Black's Law Dictionary* (8th ed. 2004) (defining a "motion in limine" as "a pretrial request that certain inadmissable evidence not be referred or offered at trial. Typically, a party makes this motion when it believes that mere mention of the evidence during trial would be highly prejudicial. "). Such a motion, however, presupposes that counsel has knowledge (or should have knowledge) of the substance of a witness's testimony prior to making a motion *in limine.*

Here, however, Petitioner has made no showing that his counsel had any knowledge, or could have had any knowledge, *prior to trial or during trial*, of the substance of Karen Smith's testimony. Accordingly, Petitioner has made no showing that his trial counsel was deficient because they failed to file a motion *in limine*. Additionally, even assuming Petitioner could establish that his trial counsel was deficient because they failed to file this motion *in limine*, Petitioner has made no showing that his trial counsel's deficiency prejudiced his defense. The fact that Karen Smith was

15

able to testify during trial that Petitioner was the putative father of her child does not establish that Petitioner was prejudiced in his defense to murder or that this claimed deficiency was "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Strickland,* 466 U.S. at 687.  Furthermore, Petitioner also has not demonstrated prejudice by showing that this evidence would not have been admitted had his trial counsel objected to its introduction.

### C. Ground 7 of Petition: Motion *in Limine* (Jackie Ross)

Petitioner claims with Ground 7 that his trial counsel was deficient because they failed to file a motion *in limine* to limit the testimony of Jackie Ross concerning her belief that Petitioner "killed" Connie Smith.  (Doc. No. 1, Page 3).  However, once again, Petitioner has made no showing that his counsel had any knowledge, or could have had any knowledge, *prior to trial or during trial,* of the substance of Jackie Ross's testimony and her claims.  Accordingly, Petitioner has made no showing that his trial counsel was deficient for failing to file a motion *in limine*.

Furthermore, even assuming Petitioner could establish that his trial counsel was deficient because they failed to file a motion *in limine*, Petitioner has made no showing that his trial counsel's deficiency prejudiced his defense.  Specifically, Petitioner has presented no evidence that the motion *in limine* would have been granted or that this testimony would have been excluded had his counsel filed this motion.[7]  Thus, Petitioner has not met the requirements of *Strickland.*

### D. Ground 8 of Petition: Criminal Records/Investigation

Petitioner claims with Ground 8 that his trial counsel was deficient because they failed to obtain the criminal records and investigate the criminal background of the witnesses in his case.

---

[7] Presumably, this evidence could have been excluded under Federal Rule of Evidence 403, but Petitioner has made no such showing.

(Doc. No. 1, Page 3). Petitioner does not indicate *which* witnesses should have been investigated or how this investigation could have benefitted Petitioner in the defense of his case. Petitioner offers no evidence in support of Ground 8, and this argument is so vague and conclusory that it is not sufficient to meet Petitioner's burden under *Strickland*. Accordingly, because Petitioner has not met the requirements of *Strickland* for Grounds 5-8, Petitioner has made no showing that the state court's determination was contrary to, or resulted from an unreasonable application of, Federal Sixth Amendment ineffective-assistance-of-counsel law.

Second, Petitioner is not entitled to *habeas* relief because he has not established, by clear and convincing evidence, that the factual determinations of the state court were in error or that his trial counsel's deficiencies created an "unreasonable determination of facts in light of the evidence adduced in state court." In fact, Petitioner has presented *essentially no evidence* that these four claimed deficiencies *resulted in factual determinations that were in error*–Petitioner has only made conclusory claims that these deficiencies resulted in factual determinations that were in error. Therefore, Petitioner has not met his burden under 28 U.S.C. § 2254 and should not be granted relief on Grounds 5-8.

### 8. Ground 9 of Petition: Prosecutor's Pecuniary Interest

Petitioner claims with Ground 9 that he is entitled to *habeas* relief due to "the failure of trial counsel to bring up that the prosecuting attorney had a pecuniary interest in the outcome of the case in light of the fact that he was representing the estate in a wrongful death action against the defendant." (Doc. No. 1, Page 3). Petitioner presented evidence at the hearing regarding Ground 9. (Tr. 21-22, Hearing Ex. 3). Specifically, Petitioner testified that the attorney who was charged with prosecuting him at trial, James Pratt, also represented the victim in a wrongful death lawsuit.

17

*See id.*  Petitioner also admitted the complaint from that wrongful death lawsuit as Exhibit 3 at the hearing, which was signed by Prosecutor James Pratt as attorney for the victim.

Respondent claims that Ground 9 is procedurally barred because Petitioner did not raise this ground "at any point in state court."  (Doc. No. 6, Page 8).  Respondent also contends that this claim should be barred because Petitioner's counsel never "should have raised, much less been aware of, such a claim" because the claim only arose *after* Petitioner's direct appeal had been concluded; and Petitioner's counsel was, therefore, not ineffective.  *See id.*

Although somewhat contradictory, both Respondent's arguments have some merit.  However, even if it were assumed that this ground was not procedurally barred and even if it were assumed that this claim may be properly viewed as an ineffective-assistance-of-counsel claim, Petitioner would still not be entitled to *habeas* relief on Ground 9.  As noted above, a *Strickland* ineffective-assistance-of-counsel claim requires both a showing that the petitioner's trial counsel was deficient and that this deficiency prejudiced the petitioner.  *See Discussion, supra.*

With Ground 9, Petitioner makes no showing that his trial counsel's actions were deficient, or even if they were deficient, that the deficiency prejudiced Petitioner's defense as required by *Strickland*.  First, Petitioner has made no showing that his trial counsel was deficient because they failed to raise this issue at trial.  There is no evidence that they had knowledge, or could have had knowledge, that the prosecutor had a potential conflict of interest at the time of trial.  This is especially true since the wrongful death complaint was not filed until August 30, 2002, over two years after Petitioner was convicted.

Second, even assuming his trial counsel did have knowledge, or could have had knowledge, of this potential conflict of interest and even assuming this potential conflict of interest existed at

the time of Petitioner's trial, Petitioner has made no showing that his trial counsel's failure to raise this potential conflict prejudiced his defense.  Petitioner has not even made a showing that the prosecutor would have been dismissed from the case had this objection even been raised.[8] Accordingly, Petitioner has not established that his claimed deficiency was "so serious as to deprive . . . him . . . of a fair trial, a trial whose result is reliable."  *Strickland,* 466 U.S. at 687.

Accordingly, with Ground 9, Petitioner has made no showing that his trial counsel was ineffective under *Strickland*.  Therefore, Petitioner has made no showing that the state court's determination was contrary to, or resulted from an unreasonable application of, Federal law. Furthermore, based upon the evidence outlined above, Petitioner has not established, by clear and convincing evidence, that because of this error, the state court's decision is an "unreasonable determination of facts in light of the evidence adduced in state court."   In fact, Petitioner has presented *no evidence* that these this claimed deficiency *resulted in factual determinations that were in error*–Petitioner has only made conclusory claims that this deficiency resulted in factual determinations that were in error.  Petitioner has not met his burden under 28 U.S.C. § 2254 and should not be granted relief on Ground 9.  *See Strickland,* 466 U.S. at 687.

### 9. Ground 10 of Petition: *Miranda* Warnings

Petitioner claims with Ground 10 that he was not properly read his *Miranda* rights prior to giving his statement concerning the shooting.  (Doc. No. 1, Page 5).  Petitioner presented evidence at the evidentiary hearing regarding this issue.  (Tr. 22).  Specifically, Petitioner testified that he had

---

[8] Petitioner only cites to Rule 3.8 of the Code of Professional Responsibility, which indicates that this conflict of interest, assuming it existed at the time of Petitioner's trial, violated the prosecutor's ethical obligations as a prosecutor.  However, Petitioner has not established, or provided the undersigned with any cases indicating, that the prosecutor would have been dismissed due to this assumed violation of Rule 3.8

not been read his *Miranda* rights prior to making a statement to the police. *See id.* In response to Ground 10, Respondent contends that Petitioner is not entitled to *habeas* relief because he has not met his burden for relief under 28 U.S.C. § 2254. (Doc. No. 6, Pages 4-6).

Petitioner raised Ground 10 at the trial court level, and this issue was decided at trial and in his direct appeal. *See Johnson*, 2001 WL 1414249, at *4-5. On direct appeal, the Arkansas Supreme Court determined that "the appellant [Petitioner] was not in custody when he told the police that the victim committed suicide, and therefore, *no Miranda warnings were required." See id.* (emphasis added). This state court finding is presumed to be true unless and until Petitioner presents *clear and convincing* evidence to rebut this finding. *See* 28 U.S.C. § 2254(e)(1) (emphasis added). In the present action, Petitioner has not presented any evidence, apart from his conclusory claim, to rebut this presumption. (Tr. 22). Accordingly, without more, Petitioner has not presented sufficient evidence to rebut this presumption that this state court finding is correct, and Petitioner is not entitled to relief under 28 U.S.C. § 2254.

## D. **Conclusion**:

Petitioner has not established an ineffective-assistance-of-counsel claim or a *Miranda* claim entitling him to *habeas* relief. Petitioner has not established for Grounds 1, 3, 4, 5, 6, 7, 8, or 9 that his counsel's errors at trial prejudiced him such that they "were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Thus, Petitioner did not meet the requirements of *Strickland* and cannot establish a Sixth Amendment error. Furthermore, Petitioner could not meet the burden of proving, by clear and convincing evidence, that the state court made an "unreasonable determination of the facts." For Ground 2, Petitioner did not adequately state a *habeas* claim that could be reviewed by this Court. Finally, for Ground 10, Petitioner was unable to rebut the

20

presumption that the state court *Miranda* findings were true and correct.

**E.  Recommendation**:

Accordingly, based on the foregoing, it is recommended that this petition be **DENIED**. Petitioner has not established that the state court's determination was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence adduced in state court.  Thus, Petitioner is not entitled to relief under 28 U.S.C. § 2254.

**The parties have ten (10) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **13th day of February, 2008.**

 /s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE